# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Brun

**DEFENDANTS**
The Revivalists LLC, The Revivalists Records LLC, David Shaw, Zack Feinberg, Andrew Campanelli, Nick Offenberg

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: E. Baton Rouge Parish
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Haynes and Boone, LLP, (214) 651-5000
2801 N Harwood St. Suite 2300, Dallas, TX 75201

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**: 110 Insurance; 120 Marine; 130 Miller Act; 140 Negotiable Instrument; 150 Recovery of Overpayment & Enforcement of Judgment; 151 Medicare Act; 152 Recovery of Defaulted Student Loans (Excludes Veterans); 153 Recovery of Overpayment of Veteran's Benefits; 160 Stockholders' Suits; 190 Other Contract; 195 Contract Product Liability; 196 Franchise

**REAL PROPERTY**: 210 Land Condemnation; 220 Foreclosure; 230 Rent Lease & Ejectment; 240 Torts to Land; 245 Tort Product Liability; 290 All Other Real Property

**TORTS — PERSONAL INJURY**: 310 Airplane; 315 Airplane Product Liability; 320 Assault, Libel & Slander; 330 Federal Employers' Liability; 340 Marine; 345 Marine Product Liability; 350 Motor Vehicle; 355 Motor Vehicle Product Liability; 360 Other Personal Injury; 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**: 365 Personal Injury - Product Liability; 367 Health Care/Pharmaceutical Personal Injury Product Liability; 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: 370 Other Fraud; 371 Truth in Lending; 380 Other Personal Property Damage; 385 Property Damage Product Liability

**CIVIL RIGHTS**: 440 Other Civil Rights; 441 Voting; 442 Employment; 443 Housing/Accommodations; 445 Amer. w/Disabilities - Employment; 446 Amer. w/Disabilities - Other; 448 Education

**PRISONER PETITIONS — Habeas Corpus**: 463 Alien Detainee; 510 Motions to Vacate Sentence; 530 General; 535 Death Penalty; **Other**: 540 Mandamus & Other; 550 Civil Rights; 555 Prison Condition; 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**: 625 Drug Related Seizure of Property 21 USC 881; 690 Other

**LABOR**: 710 Fair Labor Standards Act; 720 Labor/Management Relations; 740 Railway Labor Act; 751 Family and Medical Leave Act; 790 Other Labor Litigation; 791 Employee Retirement Income Security Act

**IMMIGRATION**: 462 Naturalization Application; 465 Other Immigration Actions

**BANKRUPTCY**: 422 Appeal 28 USC 158; 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**: [x] 820 Copyrights; 830 Patent; 835 Patent - Abbreviated New Drug Application; 840 Trademark; 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**: 861 HIA (1395ff); 862 Black Lung (923); 863 DIWC/DIWW (405(g)); 864 SSID Title XVI; 865 RSI (405(g))

**FEDERAL TAX SUITS**: 870 Taxes (U.S. Plaintiff or Defendant); 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: 375 False Claims Act; 376 Qui Tam (31 USC 3729(a)); 400 State Reapportionment; 410 Antitrust; 430 Banks and Banking; 450 Commerce; 460 Deportation; 470 Racketeer Influenced and Corrupt Organizations; 480 Consumer Credit (15 USC 1681 or 1692); 485 Telephone Consumer Protection Act; 490 Cable/Sat TV; 850 Securities/Commodities/Exchange; 890 Other Statutory Actions; 891 Agricultural Acts; 893 Environmental Matters; 895 Freedom of Information Act; 896 Arbitration; 899 Administrative Procedure Act/Review or Appeal of Agency Decision; 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201, 17 U.S.C. § 101 et seq.

Brief description of cause:
Declaratory Judgment of Copyright Ownership

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: Jul 25, 2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Michael J. Lambert

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL BRUN, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| THE REVIVALISTS, LLC, THE REVIVALISTS RECORDS LLC, DAVID SHAW, ZACK FEINBERG, ANDREW CAMPANELLI, NICK OFFENBERG, | § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## **ORIGINAL COMPLAINT**

Plaintiff Michael Brun ("Brun") files this Original Complaint against Defendants The Revivalists, LLC, The Revivalists Records LLC,[1] David Shaw, Zack Feinberg, Andrew Campanelli, and Nick Offenberg (collectively, "Defendants").

### I.   **INTRODUCTION**

1. Brun helped shape the sound and soul of The Revivalists, a New Orleans-based rock band that has achieved national acclaim. As an original member of the band, Brun co-wrote songs and recorded music that became the foundation of the band's success, including five tracks on The Revivalists' self-titled EP and three songs on their first full-length album, *Vital Signs*.

2. For more than 15 years, The Revivalists have built a thriving career—touring the country, topping streaming charts, and licensing music for television—all while continuing to profit from Brun's creative contributions. Yet despite his role in creating these works, Brun has never received a dime in royalties or profits.

---

[1] The Revivalists, LLC and The Revivalists Records, LLC are collectively referred to as "The Revivalists."

**ORIGINAL COMPLAINT**

3. When Brun recently approached his former bandmates to request his rightful share as a joint author and owner of eight songs that continue to generate substantial revenue, they refused.

4. Brun now turns to this Court to vindicate his rights. He seeks a declaratory judgment confirming what the facts and law make clear—he is a joint author and joint owner of the copyrights in eight songs by The Revivalists. Brun also seeks an accounting of the profits and royalties earned from the songs, payment of his rightful share, and attorney's fees and costs.

## II.  PARTIES

5. Plaintiff Brun is an individual residing in New York City, New York.

6. Defendant The Revivalists, LLC is a Louisiana limited liability company with a principal place of business at 4459B Bluebonnet Blvd., Baton Rouge, LA 70809.

7. Defendant The Revivalists Records, LLC is a Louisiana limited liability company with a principal place of business at 4459B Bluebonnet Blvd., Baton Rouge, LA 70809.

8. Defendant David Shaw ("Shaw") is an individual residing at 2313 Urquhart St., New Orleans, LA 70117. Shaw is a member of The Revivalists.

9. Defendant Zack Feinberg ("Feinberg") is an individual residing at 600 N. Olympia St., New Orleans, LA 70113. Feinberg is a member of The Revivalists.

10. Defendant Andrew Campanelli ("Campanelli") is an individual residing at 2463 Oriole St., New Orleans, LA 70122. Campanelli is a member of The Revivalists.

11. Defendant Nick Offenberg ("Offenberg") is an individual residing at 89 Mason Ter. Apt. 3, Brookline, MA 02446. Offenberg is a former member of The Revivalists.

**ORIGINAL COMPLAINT**

2

## III.   JURISDICTION AND VENUE

12.   This Court has subject matter jurisdiction under 17 U.S.C. § 101 *et seq.* (Copyright Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (original jurisdiction over copyrights), 28 U.S.C. § 2201 (Declaratory Judgment Act), and 28 U.S.C. § 1367 (supplemental jurisdiction) because this action involves claims of copyright ownership arising under federal law, a request for a declaratory judgment, and state law claims that are so related to the declaratory judgment claim that they form part of the same case or controversy.

13.   This Court has personal jurisdiction over Defendants under Louisiana's long-arm statute and the Due Process Clause of the U.S. Constitution because they established minimum contacts with Louisiana relating to the facts of this case such that the exercise of personal jurisdiction over Defendants comports with due process.

14.   This Court has personal jurisdiction over The Revivalists because they are organized in Louisiana, have their principal places of business in Louisiana, transact business in Louisiana, and maintain a registered agent for service of process in Louisiana.

15.   This Court has personal jurisdiction over Shaw, Feinberg, and Campanelli because they reside in Louisiana.

16.   This Court has personal jurisdiction over Offenberg because he has purposefully availed himself of the privileges and benefits of Louisiana by living and conducting business with Louisiana and Louisiana residents and this case arises out of or relates to Offenberg's contacts with Louisiana.

17.   Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Brun's claims occurred in this District. For example, The Revivalists were formed and are currently based in this District, the songs at issue were

written and recorded in this District, critical communications between Brun and The Revivalists occurred in this District, and Defendants received profits and royalties in this District from the copyrights of works created in this District.

18. Venue is also proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the property that is the subject of the action—profits and royalties received from use of the copyrights at issue—is situated in this District.

19. Venue is additionally proper in this District under 28 U.S.C. § 1391(b) because Defendants are subject to the Court's personal jurisdiction.

20. Venue is further proper in this District under 28 U.S.C. § 1400(a) because this case arises under the Copyright Act and Defendants reside in this District and Defendants or their agents may be found in this District.

### IV. STATEMENT OF FACTS

**A. Brun joins The Revivalists and writes and records five songs on the band's EP.**

21. In or around the spring of 2006, Brun met Feinberg at Tulane University. What began as casual jam sessions between musicians and friends evolved into something more. By August 2007, Feinberg invited Brun to join a newly formed band—The Revivalists—alongside Shaw and Campanelli. Brun accepted.

22. One of the band's breakout moments came in or around November 2007 when they performed at Tipitina's in New Orleans. During the performance, Brun played guitar, djembe, bass guitar, and sang backup vocals. Around that time, Offenberg (keyboard) joined The Revivalists.

23. The Revivalists initially played covers, but their creative chemistry soon led them to create original music. The band held many collaborative jam sessions where they developed original song lyrics and created melodies and musical compositions and arrangements to

accompany the lyrics. Through this process, Brun, Shaw, Feinberg, Campanelli, and Offenberg co-wrote five original songs that became their self-titled EP—*Concrete* (*Fish Out Of Water*), *Sunny Days*, *Mary Joana & The Music*, *Common Cents*, and *Soulfight* (collectively, "EP Musical Works"). Brun made significant, independently copyrightable contributions to the lyrics, melodies, and musical compositions and arrangements that are contained in the final versions of the EP Musical Works. Because Brun played guitar, bass, drums, and sang, he played a large role in deciding what was ultimately included the EP Musical Works.

24. The band recorded the EP Musical Works at Axistudio in Metairie, Louisiana. Brun played bass guitar on all five tracks, and his performances are featured prominently in the final EP recordings ("Sound Recordings"). Brun controlled what was ultimately included in the Sound Recordings.

25. From the outset, the band members intended their individual contributions to be merged into unified works, with each member recognized as a joint author. No written agreement was made to the contrary.

26. When the EP was released on or around May 15, 2008, Brun was featured on the front, back, and inside covers. The album art and liner notes left no doubt—Brun was a joint author of the EP. The front cover features Brun wearing glasses and a hat (fourth from left on the EP's front cover), and the back cover features Brun wearing glasses (bottom left), both shown below.

**ORIGINAL COMPLAINT**



| EP Front Cover | EP Back Cover |

27. The left inside cover credits unequivocally acknowledge Bruns's joint authorship of the EP Musical Works and Sound Recordings by stating that "THE REVIVALISTS ARE: . . . MIKE BRUN, BASS" and featuring his legs (first from left on the EP's left inside cover), and the right inside cover states that "ALL SONGS ARE REVIVALISTS ORIGINALS RECORDED AT AXISTUDIO IN METAIRIE, LOUISIANA APRIL/MAY 2008," both shown below.



| EP Left Inside Cover | EP Right Inside Cover |

**ORIGINAL COMPLAINT**

28. The EP's album art and credits further confirm the contemporaneous intention of the band members to be joint authors of the EP and joint owners of the EP Musical Works and Sound Recordings.

**B.     Brun leaves The Revivalists and notifies them of his rights to profits and royalties.**

29. After The Revivalists released the EP, Brun continued to create music with the band. However, later that summer, Brun made the difficult decision to step away from The Revivalists due to creative differences and communication concerns.

30. Before leaving, Brun met with the band at Cooter Brown's in New Orleans and made his position clear—while he was not seeking profits and royalties at that time, he reserved the right to do so in the future.

31. The Revivalists have not denied that Brun spoke with them at Cooter Brown's or the substance of the conversation.

32. After leaving the band, Brun moved to New York City and began a new chapter in his life. For over 15 years, Brun had no significant contact with the band and did not follow their music. But he never relinquished any of his rights under the Copyright Act.

**C.     The Revivalists continue to recognize Brun as a joint author of the EP.**

33. Since his departure, The Revivalists have never publicly or privately repudiated Brun's rights. Instead, they have continued to publicly acknowledge Brun's joint authorship of the EP Musical Works and Sound Recordings.

34. In 2014, The Revivalists re-released the EP with the same album art and credits. In 2022, they released a vinyl edition of the EP—again featuring Brun's image and name. What's more, their official website has consistently credited Brun as a joint author of the EP on its website, www.therevivalists.com/the-revivalists-self-titled, as shown below.

# Credits

The Revivalists are:
Mike Brun: Bass
Andrew Campanelli:: Drums
Zack Feinberg: Guitar
Nick Offenberg: Hammond Organ & Nord Electro 2
David Shaw: Vocals & Guitar

All songs are Revivalists originals
Recorded at Axi Studio in Metarie, LA
April - May 2008
Design by Alexandra Citrin

**D.    Brun learns he is also a joint author of three songs on *Vital Signs*.**

35.    In or around October 2024, after contemplating his time with The Revivalists, Brun listened to some of the band's songs on Spotify, including *Vital Signs*, the band's first album after his departure. To his surprise, Brun recognized his own contributions to lyrics, melodies, and musical compositions and arrangements in three songs: *Purple Heart*, *Appreciate Me I*, and *Appreciate Me II* (the "*Vital Signs* Musical Works"). Like the EP Musical Works, Brun made independently copyrightable contributions that are contained in the final versions of the *Vital Signs* Musical Works and made decisions that were ultimately included in the *Vital Signs* Musical Works.

36.    Although Brun worked with Shaw, Feinberg, Campanelli, and Offenberg to contribute to the *Vital Signs* Musical Works as a joint author and owner before he left the band, The Revivalists did not notify him regarding the release of the *Vital Signs* Musical Works. Brun did not realize until he listened to *Vital Signs* in October 2024 that the *Vital Signs* Musical Works had been released, with the song *Appreciate Me* that Brun jointly contributed to split into two songs—*Appreciate Me I* and *Appreciate Me II*. As with the EP, the band created the *Vital Signs*

**ORIGINAL COMPLAINT**

8

Musical Works with the understanding that all contributions would be merged into joint works. Again, no written agreement altered that understanding.

**E.    Brun is a joint owner of eight Musical Works and five Sound Recordings.**

37.    Brun is a joint author and owner of five EP Musical Works, five Sound Recordings, and three *Vital Signs* Musical Works (collectively, the "Works"), as shown below.

| The Works | |
|---|---|
| **EP Musical Works and Sound Recordings** | |
| 1. | *Concrete* (*Fish Out Of Water*) |
| 2. | *Sunny Days* |
| 3. | *Mary Joana & The Music* |
| 4. | *Common Cents* |
| 5. | *Soulfight* |
| ***Vital Signs* Musical Works** | |
| 6. | *Purple Heart* |
| 7. | *Appreciate Me I* |
| 8. | *Appreciate Me II* |

38.    Brun has never disclaimed, assigned, or licensed his rights in the Works.

39.    On information and belief, The Revivalists have not registered the Works with the U.S. Copyright Office.

**F.    For more than 15 years, Defendants reap the rewards of Brun's contributions.**

40.    Over the past 15 years, The Revivalists have achieved national success—thanks in part to the very songs Brun helped create. The Revivalists have earned substantial profits and royalties from the Works, including (but not limited to) album sales, concert and festival

**ORIGINAL COMPLAINT**

9

performances, steaming platforms (Spotify, YouTube and YouTube Music, Apple Music, Pandora, Amazon Music, Napster, and SoundCloud), licensing deals, and more.

41. *Soulfight*, a fan-favorite co-authored by Brun, has been streamed over 55 million times on Spotify alone and featured in *NCIS: New Orleans*. *Concrete (Fish Out Of Water)*, also co-authored by Brun, was licensed for HBO's *Treme*.

42. Despite playing a critical role in the band's past and current success, Brun has received no profits and royalties in connection with the Works.

### G. The Revivalists reject Brun's request to be reimbursed for his contributions.

43. On or around November 20, 2024, Brun reached out to the band to follow up on their 2008 conversation. He requested a modest sum for his rightful share of the profits and royalties for which he is entitled (but never received) as a joint owner of the Works.

44. Although the band did not deny the prior conversation or dispute Brun's contributions, they refused to pay him the modest sum he requested, and to date, despite subsequent communications and demands, Brun has not received the profits and royalties to which he is entitled. Since then, Brun has lost the ability to possess and use property that belongs to him.

### V.   CAUSES OF ACTION

#### A. Count One: Declaratory Judgment of Joint Ownership of the Works (28 U.S.C. § 2201, 17 U.S.C. § 101 *et seq.*)

45. Brun incorporates by reference the allegations in the above paragraphs.

46. Under 28 U.S.C. § 2201 and 17 U.S.C. § 101 *et seq.*, this Court may declare the rights and other legal relations of any interested party seeking such declaration.

47. An actual, present, and justiciable controversy exists between Brun and Defendants regarding authorship and copyright ownership of the Works.

**ORIGINAL COMPLAINT**

48. By participating in the creation of the lyrics, melodies, and musical compositions and arrangements of *Concrete* (*Fish Out Of Water*), *Sunny Days*, *Mary Joana & The Music*, *Common Cents*, and *Soulfight,* Brun made original, copyrightable contributions to the EP Musical Works.

49. By playing the bass guitar and his performance being featured on the final recordings of *Concrete* (*Fish Out Of Water*), *Sunny Days*, *Mary Joana & The Music*, *Common Cents*, and *Soulfight*, Brun made original, copyrightable contributions to the Sound Recordings.

50. By participating in the creation of the lyrics, melodies, and musical compositions and arrangements of *Purple Heart*, *Appreciate Me I*, and *Appreciate Me II*, Brun made original, copyrightable contributions to the *Vital Signs* Musical Works.

51. Brun participated in deciding what was ultimately included in the EP Musical Works, Sound Recordings, and *Vital Signs* Musical Works.

52. The band members created the Works with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole. 17 U.S.C. § 101.

53. The Works are joint works; Brun is a joint author of the Works; and Brun is a joint owner of the copyrights in the Works. 17 U.S.C. §§ 101, 201(a).

54. Brun has never disclaimed, assigned, or licensed his copyrights in the Works.

55. Brun has never been compensated for his joint ownership of the Works and has been damaged in an amount to be determined by a complete accounting.

56. Brun now requests a declaratory judgment that he is a joint author of the Works and joint owner of the copyrights in the Works. 28 U.S.C. § 2201; 17 U.S.C. §§ 101, 201(a).

B. **Count Two: Accounting (Louisiana law)**

57. Brun incorporates by reference the allegations in the above paragraphs.

58. As a joint author and owner of the Works, Brun is entitled to a complete accounting of all profits and royalties derived from them by Defendants, including (but not limited to) publishing royalties, master recording royalties, streaming and digital sales, physical sales, licensing and synchronization fees, and any other income, revenue, or consideration derived from the Works.

59. To date, none of the Defendants have accounted to Brun for the profits and royalties received from use of the Works.

60. Brun now requests that the Court order Defendants to provide a complete accounting of all profits and royalties received from use of the Works, supported by complete source documentation, and to award him his rightful share of all profits and royalties to which he is entitled.

### C. Count Three: Conversion (Louisiana law)

61. Brun incorporates by reference the allegations in the above paragraphs.

62. Defendants have wrongfully and unlawfully possessed profits and royalties received from or due to the Works that rightfully and jointly belong to Brun. Defendants have used the funds for their own benefit while denying Brun access to what is rightfully his.

63. Brun gave notice to Defendants of their wrongful conduct, yet they have wrongfully refused his demand for possession of profits and royalties to which he is entitled.

64. Brun became a victim of conversion when Defendants wrongfully refused to distribute to him his share of profits and royalties received from use of Works.

65. In sum, Defendants have exercised control over the collection, retention, and distribution of profits and royalties generated by or due to the Works. Despite their receipt and control of such funds, and despite notice of Brun's claim to joint ownership and entitlement to a

**ORIGINAL COMPLAINT**

share of such profits and royalties, Defendants have failed and refused to account to or pay Brun his rightful share.

66. As a result of Defendants' conduct, Brun has suffered substantial harm, including mental anguish and inconvenience from loss of use of his property. In addition, Brun has lost the ability to invest, possess, and/or use the profits and royalties.

67. Brun now seeks the recovery of his share of all profits and royalties received from the past and continuing use of the Works that have been withheld from him.

## VI. JURY DEMAND

68. Brun demands a trial by jury of all claims so triable.

## VII. PRAYER FOR RELIEF

Brun requests that the Court:

1. Issue a Declaratory Judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, that Brun is a joint author and joint owner of the copyrights in the EP Musical Works, the Sound Recordings, and the *Vital Signs* Musical Works;

2. Order Defendants to provide a full and complete accounting received, controlled, or retained of all profits and royalties received from use of the Works.

3. Award Brun his rightful share of all past and future profits and royalties received from the Works, including (but not limited to) publishing royalties, master recording royalties, streaming and digital sales, physical sales, licensing and synchronization fees, and any other income, revenue, or consideration derived from the Works;

4. Award Brun his share of all future profits and royalties received from use of the Works including (but not limited to) all publishing royalties, master recording royalties, streaming

**ORIGINAL COMPLAINT**

and digital sales, physical sales, licensing and synchronization fees, and any other income, revenue, or consideration derived from the Works;

 5. Award Brun damages for mental anguish and inconvenience he has suffered due to the loss of use of his property—profits and royalties received from use of the Works;

 6. Award Brun reasonable attorney's fees and costs of this action under 17 U.S.C. § 505;

 7. Award Brun pre-judgment and post-judgment interest at the highest legal rate; and

 8. Award Brun such other and further relief to which he may be entitled at law or in equity.

  Respectfully submitted,

  HAYNES AND BOONE, L.L.P.

  /s/ *Michael J. Lambert*
  Victor Vital (*pro hac vice* application forthcoming)
  victor.vital@haynesboone.com
  2801 N. Harwood St., Suite 2300
  Dallas, Texas 75201
  Telephone: (214) 651-5000
  Facsimile: (214) 651-5940

  Michael J. Lambert
  michael.lambert@haynesboone.com
  Louisiana Bar No. 36539
  98 San Jacinto Blvd., Suite 1500
  Austin, Texas 78701
  Telephone: (512) 867-8400
  Facsimile: (512) 867-8470

  **ATTORNEYS FOR PLAINTIFF**
  **MIKE BRUN**

**ORIGINAL COMPLAINT**