**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL BRUN** | **CIVIL ACTION** |
| **v.** | **NO: 25-1534** |
| **THE REVIVALISTS, LLC, ET AL.** | **SECTION: C (3)** |

**ORDER AND REASONS**

The Motion to Dismiss under Federal Rule 12(b)(6) for Failure to State a Claim upon which Relief May Be Granted (R. Doc. 31), filed January 16, 2026, by defendants, The Revivalists, LLC, The Revivalists Records LLC, David Shaw, Zack Feinberg, and Andrew Campanelli is before the court.[1] The motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

Plaintiff, Michael Brun, sued several defendants for compensation from profits and royalties of the band The Revivalists. Brun seeks (1) a declaratory judgment that he is a joint author and owner of copyrights to eight songs produced by The Revivalists, (2) a full accounting of all profits and royalties received for the eight songs and his rightful share of those, and (3) due to tortious conversion, his

[1] The captioned matter originally included six defendants: The Revivalists, LLC, The Revivalists Records LLC, David Shaw, Zack Feinberg, Andrew Campanelli, and Nick Offenberg. R. Doc. 1. On January 21, 2026, plaintiff dismissed all claims against Offenberg, with prejudice. R. Doc. 32.

share of all profits and royalties received from past and continuing use of the eight songs.[2]

Brun alleges he accepted an invitation to join The Revivalists in August 2007.[3] As the band members became more cohesive, they began creating original music.[4] During this period, Brun co-wrote five songs: *Concrete (Fish Out of Water)*, *Sunny Days*, *Mary Joana & The Music*, *Common Cents*, and *Soulfight*.[5] He was a substantial contributor to the lyrics, melodies, and musical compositions and arrangement of the songs, and his performances on bass guitar were featured prominently in sound recordings.[6] Brun contends there was never a written agreement excluding him as joint author of the songs.[7]

Brun left The Revivalists in the summer of 2008. Before leaving he notified the remaining band members he reserved the right to seek profits and royalties in the future.[8] He had minimal contact with the band for the next approximately fifteen years and did not follow its music.[9] Around October 2024, Brun heard, and recognized, his contributions to the lyrics, melodies, compositions and arrangements of three additional songs: *Purple Heart*, *Appreciate Me I*, and *Appreciate Me II*.[10]

---

[2] R. Doc. 1 ¶¶ 56, 60, 67.
[3] *Id.* ¶ 21.
[4] *Id.* ¶ 23.
[5] *Id.*
[6] *Id.* ¶¶ 23–24.
[7] *Id.* ¶ 25.
[8] *Id.* ¶¶ 29–30.
[9] *Id.* ¶ 32.
[10] *Id.* ¶ 35.

Brun had worked on these later songs before leaving the band and never realized they were publicly released.[11]

Around November 20, 2024, Brun contacted the band and requested profits and royalties relating to the songs he contends he jointly owns.[12] The band refused.[13] Brun sued.

## II. ANALYSIS

### A. Rule 12(b)(6) Standard

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to make factual allegations entitling him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool & Manufacturing Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (citation omitted).

### B. Copyright Ownership Claim

Defendants argue Brun's federal claims are time-barred. Specifically, they claim the songs were registered with the U.S. Copyright Office in 2010 and 2014,

[11] *Id.* ¶ 36.
[12] *Id.* ¶ 43.
[13] *Id.* ¶ 44.

thus, providing Brun with notice pursuant to 17 § U.S.C. 205(c), and triggering the delay for filing a civil action.[14] Brun counters that the delay did not start until his ownership claim to the songs was plainly and expressly denied, which was November 2024.[15]

A copyright infringement claim must be filed within three years of the claim's accrual. *Edwards v. Take Fo' Records, Inc.*, No. 19-cv-12130, 2020 WL 3832606, at *15 (E.D. La. July 8, 2020) (citing 17 U.S.C. § 507(b)) ("No civil action shall be maintained under the provision of this title unless it is commenced within three years after the claim accrued."). Claims for copyright infringement accrue upon actual or constructive discovery of the infringement. *Id.* (citing *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir. 2014) (other citations omitted). "Under the Copyright Act, '[r]ecordation of a document in the Copyright Office gives all persons constructive notice of the facts stated in the recorded documents.'" *Id.* (citing *Jordan v. Sony BMG Music Entertainment Inc.*, 354 Fed. App'x. 942, 945 (5th Cir. 2009) (citing 17 U.S.C. § 205(c) and *Daboub v. Gibbons*, 42 F.3d 285, 291 (5th Cir. 1995))). The recorded document must contain the information necessary to put the other party on notice. *Id.* (citations omitted).

[14] R. Doc. 31-1 at 6.
[15] R. Doc. 33 at 8.

Defendants present three U.S. Copyright Office certificates of registration.[16] For a Rule 12(b)(6) motion, district courts may consider documents "integral to the claim", and "items subject to judicial notice". *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (*citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Copyright certificates are subject to judicial notice and, in this case, are integral to Brun's claim. *See Burkitt v. Flawless Records, Inc.*, No. 03-cv-2483, 2005 WL 6225822, at *2 (E.D. La. June 13, 2005) ("[C]opyright certificates … are the type of evidence that a court may judicially notice….") (citations omitted). The court will consider the certificates.

Brun contends he is claiming ownership, not a copyright, so filing the certificates did not trigger the three-year delay for filing suit. Because the Fifth Circuit's analysis in *Jordan v. Sony BMG Music Entertainment Inc.*, 354 Fed. App'x. 942 (5th Cir. 2009), is persuasive, the distinction is immaterial.

In *Jordan*, a dispute arose between a music composer and a distributor over whether the composer was entitled to royalties regarding sound recordings he executed for three songs. *Id.*, 354 Fed. App'x. at 944. Following the distribution of the songs, the distributor registered the sound recordings with the U.S. Copyright Office, listing itself as sole author. *Id.* The composer sued, alleging co-ownership in the three sound recordings. *Id.* at 944–95. The district court found the claims

[16] R. Docs. 31-2, 31-3, 31-4.

time-barred based on the timing of the registrations. *Jordan v. Sony BMG Music Entertainment, Inc.*, 637 F.Supp.2d 442, 461–462 (S.D. Tex. 2008).

On appeal, the Fifth Circuit held "the certificates of registration are sufficient to provide notice that [the defendant] claimed sole ownership of the sound recordings on the … album." *Id.*, 354 Fed. App'x. at 946. The court also noted that "the Copyright Office defines the claimant as the individual with the ownership of all rights in the property listed." *Id.* (citing 37 C.F.R. § 202.3(a)(3) ("[A] copyright claimant is either: (i) The author of a work; [or] (ii) A person or organization that has obtained ownership of all rights under the copyright initially belonging to the author")).

The claims in *Jordan* are not materially different from the subject claims. Brun argues that *Jordan* is not binding and cites other circuits and district courts within the Fifth Circuit who disagree with *Jordan*. While *Jordan* may technically not be binding, the Fifth Circuit expressly addressed the issue presented here. Its analysis is persuasive. A copyright registration with the U.S. Copyright Office provides, at a minimum, constructive notice and triggers the three-year statute of limitations for an ownership claim under 17 U.S.C. § 507(b).

Brun claims the registrations are incomplete and void because all the song authors are not listed. *Brun's* name is not on the registrations. It is unreasonable to

infer that the registration filers were protecting his interests. Consequently, he was put on notice in 2010 and 2014 he needed to assert his ownership rights to the songs.

The next step is to determine what is barred by the 2010 and 2014 registrations. Defendants concede the studio recording of *Concrete (Fish out of Water)* is not barred. The ownership and accounting claims for that song may proceed.

The remaining songs are time-barred. *Appreciate Me I* was registered on April 27, 2010 showing Zack Feinberg and David Shaw as the authors of the sound recording, performance, production, music, and lyrics.[17] *Sunny Days*, *Mary Joana & The Music*, *Common Cents*, *Soulfight*, *Purple Heart*, and *Appreciate Me II* were registered on April 28, 2010 showing David Shaw as the author of the sound recording, performance, production, music, and lyrics.[18] A live recording of *Concrete (Fish Out of Water)*, along with live recordings of *Sunny Days* and *Soulfight*, were registered on October 22, 2014 showing several individuals, including Shaw, Feinberg, and Campanelli, as the authors of the performance, music, and lyrics.[19] Brun was not shown as author or owner in any of these registrations.

Brun claims the sound recordings are distinct from the musical compositions for purposes of prescription. The argument continues that a separate registration is

---

[17] R. Doc. 31-2 at 2. The registration is marked as SR-653-178.
[18] R. Doc. 31-3 at 2. The registration is marked as SR-653-287.
[19] R. Doc. 31-4 at 2–3. The registration is marked as SR-753-032.

required for musical compositions and because that registration was not filed, the delay for filing never started. There is no merit in that argument. The "SR" registration says "it may also be used where the same copyright claimant is seeking simultaneous registration of the underlying musical, dramatic, or literary work embodied in the phonorecord."[20] *See Marino v. Usher*, 22 F. Supp. 3d 437, 446 (E.D. Pa. 2014) ("For registering a sound recording, the appropriate form to use is the Form SR … A party may also register the underlying composition, as well as the sound recording using this form. To register only the underlying composition, Form PA must be used.") (citation omitted); *see also* 37 C.F.R. § 202.3(b)(iv)(C) ("Claims to copyright in literary, dramatic, and musical works embodied in phonorecords may also be registered in this class under paragraph (b)(4) of this section if … [t]he same claimant is seeking registration of both the recorded literary, dramatic, or musical work and the sound recording.").

The 2010 registrations for *Sunny Days*, *Mary Joana & The Music*, *Common Cents*, *Soulfight*, *Purple Heart*, *Appreciate Me I*, and *Appreciate Me II* cover both the sound recordings and underlying compositions. Brun's ownership claims for those songs are time-barred.

[20] United States Copyright Office, *Form SR,* at https://www.copyright.gov/forms/formsr.pdf (last visited on September 10, 2026).

**C. Accounting Claim**

"The authors of a joint work are co-owners of copyright in the work, and each owner owes a duty of accounting to the other." *Jordan*, 354 Fed. App'x. at 945 (citing 17 U.S.C. § 201(a); *Goodman v. Lee*, 78 F.3d 1007, 1012 (5th Cir.1996)). To enforce an accounting claim, a plaintiff must be an owner of the work, as it is derivative to the ownership claim. *See Jordan*, 637 F.Supp.2d at 460 (citing cases). Because Brun's ownership claims fail, his accounting claims must fail. The accounting claims, except for the studio recording of *Concrete (Fish Out of Water)*, are dismissed.

**D. Conversion Claim**

Brun's conversion claim also presumes he is an owner. Because the ownership claims are time-barred and fail, the conversion claims must fail. Additionally, as pled, Brun's conversion claims are preempted. *See Mapp v. UMG Recordings, Inc.*, 310 F.Supp.3d 743, 753–54 (M.D. La. 2018) ("Here, Plaintiff does not allege that Defendant converted Plaintiff's physical personal property for its own use or benefit, but merely that Defendant has distributed Plaintiff's intellectual property without paying Plaintiff a fair share. Again, these claims are preempted by the Copyright Act.").

## III. CONCLUSION

**IT IS ORDERED** that the Motion to Dismiss under Federal Rule 12(b)(6) for Failure to State a Claim upon which Relief May Be Granted (R. Doc. 31) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's joint ownership and accounting claims as applied to the studio recording of *Concrete (Fish Out of Water)* may proceed.

**IT IS FURTHER ORDERED** that plaintiff's joint ownership and accounting claims, as applied to *Sunny Days*, *Mary Joana & The Music*, *Common Cents*, *Soulfight*, *Purple Heart*, *Appreciate Me I*, *Appreciate Me II*, and the underlying composition of *Concrete (Fish Out of Water)*, are **DISMISSED**, **WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's conversion claim is **DISMISSED**, **WITH PREJUDICE**.

New Orleans, Louisiana, this 23rd day of September 2026

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE